# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

---

**STEVEN CRAIG SIMMERMAN,**
*Doctor*, **and**
**HILDA COPENHAVER SIMMERMAN,**

        **Plaintiffs,**

**v.**                                                         **Case 2:19-cv-02833-MSN-cgc**

**JASON KHEEMA,**
*Detective at Village of Shorewood Police Department*,
**JASON FORTNER, and**
**KYLE DAVIS,**

        **Defendants.**

---

## REPORT AND RECOMMENDATION ON
## DEFENDANT'S MOTION TO DISMISS

---

Before the Court is Defendant Jason Keehma's ("Defendant Keehma") Motion to Dismiss (Docket Entry ("D.E.") # 10).[1] The instant motion has been referred to the United States Magistrate Judge for Report and Recommendation.[2] For the reasons set forth herein, it is RECOMMENDED that Defendant Kheema's Motion to Dismiss be GRANTED.

**I.**    **Introduction**

---

[1] In Plaintiffs' Complaint and on the docket report, Defendant Keehma is listed as Jason Kheema. For purposes of this Report and Recommendation, the Court will use the spelling as found in Defendant Keehma's Motion to Dismiss.

[2] The instant case has been referred to the United States Magistrate Judge by Administrative Order 13-05 pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

On December 5, 2019 Plaintiffs Dr. Steven Craig Simmerman ("Dr. Simmerman") and Hilda Copenhaver Simmerman ("Ms. Simmerman") (collectively, the "Plaintiffs") filed a *pro se* Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 ("Section 1983"). Therein, Plaintiffs allege that on June 28, 2017, three armed men forcibly entered their property and took an electronic device containing certain information, which included "health, fiduciary, and contact information of patients." Plaintiffs allege the individuals did so without a warrant. As relief, Plaintiffs state that they have been "damaged with the loss of classified information" and seek "consultation in chambers." Defendant Keehma is allegedly a police detective employed by the Village of Shorewood, Illinois.

On April 2, 2020, Defendant Keehma filed the instant Motion to Dismiss. Defendant Keehma argues that Plaintiffs' Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for which relief may be granted. (D.E. # 10 & 11.) This Court entered a Show Cause Order on May 6, 2020 requiring the Plaintiffs to respond to Defendant Keehma's Motion to Dismiss by May 20, 2020. (D.E. #12.) On May 15, 2020, Dr. Simmerman filed his *pro se* Response to Defendant Keehma's Motion to Dismiss. (D.E. # 13.) Ms. Simmerman has not responded to either the Order to Show Cause or to the Motion to Dismiss.

## II.     Proposed Analysis

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F. 3d 523, 527 (6th Cir. 2007). A plaintiff can

support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for the relief must contain "a short and plain statement of the claim showing that a pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (citing Twombly, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts to "state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by *pro se* litigants are to be "liberally construed," and a "*pro se* complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in *pro se* cases. *Wells*

*v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A *pro se* complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to *pro se* litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a *pro se* litigant's claim for him. *Payne v. Sec'y of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003).

Upon review, it is RECOMMENDED that Plaintiffs' Complaint does not state any cause of action against Defendant Keehma for which they are entitled to relief.

As an initial matter, Ms. Simmerman did respond to Defendant Keehma's Motion to Dismiss. As explained in this Court's Order to Show Cause, while an individual may represent himself before a court, an individual may not represent another person or entity unless they are authorized to practice law before the court. *See* 28 U.S.C. § 1654; *Davis v. Memphis Police Dep't.*, 2013 WL 4446240, at *5 (W.D. Tenn. Aug. 15, 2013). A plaintiff may not appear *pro se* where "interests other than his own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). Only a licensed attorney may represent other persons. *Davis*, 2013 WL 4446240, at *5. Accordingly, both Dr. Simmerman and Ms. Simmerman were required to respond to Defendant Keehma's Motion to Dismiss individually.

Local Rule 12.1 provides that a party opposing a motion to dismiss must file a response within twenty-eight days after the motion is served. The Plaintiffs did not do so. On May 6, 2020, this Court entered an Order to Show Cause requiring the Plaintiffs to file separate responses by May 20, 2020. To date, Ms. Simmerman has not filed a response to the instant Motion to Dismiss or this Court's Order to Show Cause. In its Order to Show Cause, the Court advised the Plaintiffs

that failure to respond would result in the Court considering the motion on the record before it and recommending that it be granted, resulting in a dismissal of this action. Thus, on this basis alone, the Court would recommend that the instant Motion to Dismiss be granted as to Ms. Simmerman.

Further, upon consideration of the merits of the instant motion, as it applies to both Plaintiffs, it is recommended that the Plaintiffs have failed to state a claim upon which relief may be granted. Defendant Keehma argues that Plaintiffs' claims are time barred. Actions brought pursuant to Section 1983 are generally governed by the state statute of limitations for personal injuries. *Edison v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007). Tennessee law provides a one-year statute of limitation for civil actions brought under federal civil rights statutes, such as Section 1983. Tenn. Code Ann. § 28-3-104. "Although state law provides the statute of limitations to be applied in a § 1983 damages action, federal law governs the question of when that limitations period begins to run." *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984) (citations omitted). Federal law dictates that the statute of limitations begins to run at the time the plaintiff "knows or had reason to know" of the alleged injury. *Edison*, 510 F.3d at 635. The plaintiff "has reason to know" of the injury when the plaintiff should have discovered the injury through "reasonable diligence." *Sevier*, 742 F.2d at 272. For purposes of a Section 1983 claim, that means the statute of limitations begins to run on the date of the alleged constitutional violation. Plaintiffs allege that three armed men entered their home and removed property without a warrant on June 28, 2017. Accordingly, Plaintiffs had until June 28, 2018 to file their Complaint. Plaintiffs, however, did not file their Complaint until December 5, 2019 – almost a year and half after the limitations period expired. Dr. Simmerman did not respond to Defendant Keehma's argument that this action was time barred. Accordingly, Plaintiffs' Section 1983 claims are time-barred, and it is therefore RECOMMENDED that Plaintiffs' claims be dismissed.

### III.    Conclusion

For the reasons set forth herein, it is RECOMMENDED that Defendant Keehma's Motion to Dismiss be GRANTED.

**SIGNED** this 9th day of June 2020.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**