IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
Western Division

**DR. STEVEN CRAIG SIMMERMAN and**
**HILDA COPENHAVER SIMMERMAN,**

        **Plaintiffs,**

v.                            Case No. 2:19-02833-MSN/cgc

**JASON KEEHMA, JASON FORTNER**
**and KYLE DAVIS,**

        **Defendants.**

## REPORT AND RECOMMENDATION

Before the Court, by way of Administrative Order 2013-05,[1] is the instant case. On December 5, 2019, Plaintiff Steven Craig Simmerman, a resident of Memphis, Tennessee, filed a *pro se* Complaint against Jason Fortner and Kyle Davis. (Docket Entry (D.E.) #1). On December 18, 2019, summonses were issued and given to Plaintiff for service. (D.E. # 7) To date, proof of service not been made to the court. To date, no summonses have been returned executed on Defendant. An Order to Show Cause was entered on January 4, 2021 requesting Plaintiffs to show cause as to why it should not be recommended to the District Court that this cause be dismissed without prejudice for failure to serve the defendants. (D.E. # 18) Plaintiff Steven Craig Simmerman filed his response to the Order to Show Cause on January 7, 2021 and Plaintiff Hilda Coperhaver Simmerman filed her response on January 13, 2021. (D.E. # 19 & 20)

Rule 4(m) of the Federal Rules of Civil Procedure provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation

that service be made within a specified time." Fed. R. Civ. P. 4(m).  Plaintiffs have had 400 days to obtain service of the complaint and summons on the defendants since they received the summonses on December 18, 2019.

Absent a showing of good cause to justify a failure of timely service, Fed.R.Civ.P. 4(j) compels dismissal. *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994), citing *Moncrief v. Stone,* 961 F.2d 595, 596 (6th Cir.1992); *Friedman v. Estate of Presser,* 929 F.2d 1151, 1157 (6th Cir.1991); *United States v. Gluklick,* 801 F.2d 834, 837 (6th Cir.1986).  Plaintiff bears the burden to establish good cause.  Fed.R.Civ.P. 4(j); *Friedman v. Estate of Presser,* 929 F.2d at 1157.  Good cause necessitates a demonstration of why service was not made within the time constraints of Fed.R.Civ.P. 4(j). *Moncrief v. Stone,* 961 F.2d at 597, *quoting, Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1305 (5th Cir.1985).  The responses by the Plaintiffs do not provide any details regarding any efforts made by Plaintiffs to serve the defendants.

Therefore, it is recommended that Plaintiffs' complaint be dismissed without prejudice as to Jason Fortner and Kyle Davis for failure to obtain timely service.

Signed this 21st day of January, 2021.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. §636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**