IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
_____

DR. STEVEN CRAIG SIMMERMAN and
HILDA COPENHAVER SIMMERMAN,
    Plaintiffs,

v.                                    Case No. 2:19-cv-02833-MSN-cgc

JASON KHEEMA, JASON FORTNER,
and KYLE DAVIS,
    Defendants.
_____

**ORDER ADOPTING REPORT AND RECOMMENDATION**
_____

Before the Court is the Magistrate Judge's Report and Recommendation, (ECF No. 21), entered on January 21, 2021. The Magistrate Judge's Report recommends that this matter be dismissed for failure to timely effect service. (*Id.* at PageID 80.) Plaintiffs have not filed any objections to the Report. Accordingly, the Court **ADOPTS** the Report and Recommendation in its entirety.

**Background**

Plaintiffs filed their *pro se* Complaint pursuant to 42 U.S.C. § 1983 on December 5, 2019. (ECF No. 1.) Plaintiffs allege that the Defendants entered their property and took an electronic device without a warrant. (*Id.* at PageID 2–3.) Summonses were issued for the Defendants on December 18, 2019. (ECF No. 7.) There is no indication in the record that Plaintiffs have ever effected service on Defendants in this matter.

On January 4, 2021, the Magistrate Judge entered an Order directing Plaintiffs to show cause as to why this matter should not be dismissed for failure to timely effect service on

Defendants.[1]  (ECF No. 18 at PageID 74–75.) Plaintiffs filed separate responses on January 7 and 13, 2021.  (ECF Nos. 19 and 20.)

On January 21, 2021, the Magistrate Judge entered her Report and Recommendation, recommending that this matter be dismissed without prejudice for failure to effect service.  (ECF No. 21 at PageID 80.)  The Report instructed Plaintiffs that they had fourteen (14) days to submit their objections.  (*Id.*)  To date, they have not submitted any objections to the Report's findings.

## Standard of Review

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges.  *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003).  For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1).  After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations.  28 U.S.C. § 636(b)(1).  The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed.  *See id.* at 151.

## Analysis

As mentioned above, Plaintiffs have not submitted their objections to the Report and Recommendation.  This Court is not obligated to review any aspect of the Report and

---

1. Defendant Jason Kheema was dismissed from this matter on July 1, 2020.  (ECF No. 17.)

Recommendation to which no objection is made. *See Thomas*, 474 U.S. at 150. However, after review, the Court agrees with the Report's conclusion. Plaintiffs' responses to the Magistrate Judge's Show Cause Order fail to detail any effort by them to effect service on the remaining Defendants. Accordingly, the Court **ADOPTS** the Report and Recommendation.

## Conclusion

For the reasons above, the Court **ADOPTS** the Report and Recommendation. The claims against the remaining Defendants will be **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED**, this 28th day of April, 2021.

*s/ Mark Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE